UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SYLVESTER SHAHEED LEWIS, )
   Plaintiff, )
)
vs. ) No. 19-1337
)
TERRI KENNEDY and
DAVID KENNEDY, )
   Defendants )

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims Defendants Warden Terri Kennedy and Engineering Chief David Kennedy violated his constitutional rights at Pontiac Correctional Center. Plaintiff alleges Defendants violated his Eighth Amendment rights based on his living conditions including "chipped, peeling paint; dried fecal matter, and mold encrusted on the wall, ceiling, and bars;" "black water;" rain leaks; and toilets and sinks which flooded his cell. (Comp, p. 6). Plaintiff claims the conditions occurred in the West Cell House on July 12, 2019. In an attached grievance, Plaintiff clarifies he was

1

housed in Cell #619 on 6 gallery. Plaintiff also alleges the conditions were the same for several cells in the housing unit.

For the purpose of notice pleading, Plaintiff has adequately alleged a violation of his Eighth Amendment rights.[1] While Plaintiff does not specifically explain the involvement of the two named Defendants, he does indicate the alleged conditions were widespread and well known throughout the facility. In addition, Plaintiff does not specifically state how long he was subjected to the unconstitutional living conditions, but Plaintiff's complaint mentions he was still living in the same unit in October of 2019. (Comp., p. 5).

The Court notes the attachments to Plaintiff's complaint also demonstrate he has fully exhausted his administrative remedies before filing his complaint. (Comp, p. 10).

Plaintiff has also filed a motion for appointment for appointment of counsel. [4]. The Plaintiff has no constitutional or statutory right to the appointment of counsel in this case. In addition, the Court cannot require an attorney to accept *pro bono* appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v.*

---

[1] Plaintiff also mentions the Tenth Amendment, but his complaint alleges only a violation of the Eighth Amendment.

*Haas*, 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff has not provided any evidence demonstrating he has attempted to find counsel on his own such as a list of attorneys contacted or copies of letters sent or received. Therefore, the motion is denied with leave to renew. [4]

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Warden Terri Kennedy and Engineering Chief David Kennedy violated his Eighth Amendment rights based on his living conditions at Pontiac Correctional Center as detailed in this order. The claim is stated against the Defendants in their individual and official capacities. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days

of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on

Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Plaintiff's motion for appointment of counsel with leave to renew, [4]; 2) Attempt service on Defendants pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the Court to check on the status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 11th day of December, 2019.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE